WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200
Gregory M. Starner
Kimberly A. Haviv

Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida  33131
(305) 371-2700
John K. Cunningham
Richard S. Kebrdle (*pro hac vice* pending)

*Attorneys for Renato Fermiano Tavares*
*as Petitioner and Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. 15-10937 (SMB) |
| OAS S.A., *et al.,*[1] | ) (Joint Administration Requested) |
| | ) |
| Debtors in Foreign Proceedings | ) Chapter 15 |
| | ) |

**DECLARATION OF RENATO FERMIANO TAVARES PURSUANT TO 28 U.S.C. §**
**1746 IN SUPPORT OF VERIFIED PETITION FOR RECOGNITION OF BRAZILIAN**
**BANKRUPTCY PROCEEDINGS AND MOTION FOR ORDER GRANTING RELATED**
**RELIEF PURSUANT TO 11 U.S.C. §§ 1515, 1517, 1520 AND 1521**

I, Renato Fermiano Tavares, declare under penalty of perjury under the laws of

the United States of America that the following is true and correct:

---

[1] The debtors in these chapter 15 cases, along with the last four digits of each debtor's tax identification or corporate registry number, are:  OAS S.A. (01-05), Construtora OAS S.A. (01-08), OAS Investments GmbH (4557), and OAS Finance Limited (6299).

1.      I submit this declaration (the "Petitioner Declaration") in support of the

*Verified Petition for Recognition of Brazilian Bankruptcy Proceedings and Motion for Order*

*Granting Related Relief Pursuant to 11 U.S.C. §§ 1515, 1517, 1520, and 1521* (together with the

Forms of Voluntary Petition[2] filed contemporaneously therewith, the "Petition") [ECF Nos. 1

and 3], which seeks entry of an order (i) granting the Petition in these cases and recognizing the

Brazilian Bankruptcy Proceedings as foreign main proceedings pursuant to section 1517 of title

11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"),[3] (ii) recognizing

the Petitioner as the "foreign representative," as defined in section 101(24) of the Bankruptcy

Code, in respect of the Brazilian Bankruptcy Proceedings, (iii) granting the Petitioner authority

to examine witnesses, take evidence, and deliver information concerning the Debtors and their

businesses, and entrusting the administration, realization and distribution of any and all of the

Debtors' assets within the territorial jurisdiction of the United States to the Petitioner; and (iv)

granting such other and further relief as the Court deems just and proper.

2.      I am an attorney in Brazil, graduated from the Faculdedes Metropolitanas

Unidas, and obtained a post-graduate degree in corporate law from Instituto de Ensino e

Pesquisa.  I have worked as an in-house attorney with the OAS Group for 6 years.  Currently, I

am general counsel of OAS Infraestrutura S.A., an affiliate of the Debtors, and previously acted

as general counsel of OAS Investimentos S.A. prior to its merger with OAS (such merger

described further below).

---

[2] Except as otherwise indicated, capitalized terms used herein carry the meanings ascribed to them in the Petition (defined below).

[3] Except as otherwise indicated, section and chapter references are to the Bankruptcy Code.

3.      I am the authorized foreign representative (the "Foreign Representative") of each of above-captioned debtors (the "Debtors" and together with their non-debtor affiliates, the "OAS Group") in connection with their ongoing judicial reorganization proceedings (the "Brazilian Bankruptcy Proceedings") in the Federative Republic of Brazil ("Brazil") pursuant to Federal Law No. 11.101 of February 9, 2005 (the "Brazilian Bankruptcy Law") before the First Specialized Bankruptcy Court of São Paulo (the "Brazilian Bankruptcy Court").  Pursuant to the Resolutions of Appointment (defined below) dated April 2, 2015 I am fully authorized to act on behalf of the Debtors as each of the Debtors' foreign representative, commence these chapter 15 cases and to administer the reorganization of the Debtors' assets and the Debtors' affairs in the Brazilian Bankruptcy Proceedings.

4.      I am familiar with Debtors' history, day-to-day operations, assets, financial condition, business affairs, books and records, and restructuring efforts.

5.      Therefore, unless otherwise indicated, all facts set forth in this Declaration are based upon:  (a) my personal knowledge; (b) my review of relevant documents; (c) information supplied to me by the Debtors' officers, directors, and employees, or professionals retained by the Debtors, including, with respect to matters of U.S. bankruptcy law, information provided to me by the Debtor's U.S. counsel, White & Case LLP; or (d) my opinion based on my experience with and knowledge of the Debtors' operations and financial condition.

6.      I am an individual over the age of 18.  If I am called to testify, I will do so competently and based on the facts set forth herein.

7.      On March 31, 2015, the Debtors filed voluntary bankruptcy petitions in the Brazilian Bankruptcy Court, thus commencing the Brazilian Bankruptcy Proceedings by filing petitions for relief under the Brazilian Bankruptcy Law.  On April 1, 2015, the Brazilian

Bankruptcy Court issued a decision and order (the "Brazilian Bankruptcy Court Order") approving the continuation of the Brazilian Bankruptcy Proceedings.  A copy of the Brazilian Bankruptcy Court Order from the electronic judicial files of the Brazilian Bankruptcy Court is attached hereto as Exhibit "A" and a certified translation of the Brazilian Bankruptcy Court Order from Portuguese to English is attached hereto as Exhibit "B."

8.      On April 2, 2015, pursuant to separate resolutions and powers of attorney (such resolutions and related powers of attorney, collectively, the "Resolutions of Appointment"), in each case signed by authorized representatives of each of the Debtors, each of the Debtors duly appointed me as their foreign representative.  Copies of each of the Resolution of Appointments are attached hereto as Exhibit "C " and certified translations of each from Portuguese to English are attached hereto as Exhibit "D."

## Background

### A.    The OAS Group

9.      The OAS Group is among the largest and most experienced infrastructure companies in Brazil, focusing on heavy engineering and equity investments in infrastructure projects located in and outside Brazil and abroad for both public and private clients.  The OAS Group is engaged in a range of services such as public concessions, construction, engineering, planning, execution and works management for the transportation, power, sanitation, infrastructure and real estate industries, providing services in 22 countries in Latin America, the Caribbean and Africa.  Its principal operating activities are organized into two major divisions: *Engineering*, which engages in heavy civil engineering and construction projects, and *Investments*, which is focused on private investments in infrastructure and public and private services concessions.

10.     Most of the OAS Group's foreign construction contracts are with the national governments of countries in Latin America and Africa and to build, among other things, highways, hospitals, water and sewage systems and affordable housing.  The OAS Group's domestic construction contracts are with private companies holding concessions, other private companies and the federal and local Brazilian governments (such as the Brazilian states of São Paulo, Rio de Janeiro and Minas Gerais) and to build, for example, various roads and bridges. The OAS Group employs, directly or indirectly, approximately 110,000 people.

11.     Through its Investments division, OAS holds stakes in a number of valuable enterprises, including its 24.4 % stake in Invepar, which is one of the largest concession companies in Brazil, comprising 12 public-service concessionaires in the toll road, urban mobility and air transportation industries.   In addition, OAS directly or indirectly owns or partially owns: (i) a company that manages three sports arenas in Brazil, (ii) 41 residential, commercial and mixed-use properties in five Brazilian states, (iii) sanitation companies that service more than 1.4 million customers, (iv) a company holding a concession related to an aqueduct in Peru, (v) interests in two ultra-deep water drillships operating under long-term contracts with Petrobras, (vi) a shipyard that is under construction that will be used to build vessels for oil and gas exploration in the Brazilian pre-salt layer and (vii) a residential complex in the city of Rio de Janeiro being developed in connection with the upcoming 2016 summer Olympics.

**B.      The Debtors**

12.     OAS is the holding company at the apex of the OAS Group.  Its share capital is divided between CMP Participações Ltda. (99.9% owned by Mr. Cesar de Araújo Mata

Pires) with 450,000,000 common shares (90%) and LP Participações e Engenharia Ltda (99.9%

owned by Mr. José Adelmário Pinheiro Filho) with 50,000,000 common shares (10%).

13.     OAS directly owns 99.9999997% of the share capital of Construtora OAS,

the holding company at the top of Engineering Division, and indirectly owns the rest.

Construtora OAS, through its subsidiaries and branches, conducts business in Brazil, Peru,

Trinidad and Tobago, Ghana, Uruguay, Chile, Honduras, Argentina, Bolivia, Colombia,

Mozambique, Guinea, Ecuador, Equatorial Guinea, Haiti, Costa Rica, Panama, Angola, and

Guatemala.  Construtora OAS' operations in Brazil consist of more than 80 construction projects

that generate more revenue for Construtora OAS than its operations in any other country.

14.     As evidenced by certificates of registry (the "Certificates of Registry")

from the Office of the Presidency of the Commercial Board of the State of São Paulo (part of the

Office of Economic Development, Science, Technology and Innovation), each of OAS and

Construtora OAS maintains its registered office in the city of São Paulo.   Copies of each of the

Certificates of Registry are attached hereto as Exhibit "E" and certified translations of each from

Portuguese to English is attached hereto as Exhibit "F."

15.     OAS Investments, a financing vehicle for the OAS Group, has its

registered office in Weiner Neustadt at the address Fischof 3/6. 1010 Vienna, Austria.  OAS

Investments is directly and wholly owned by OAS.

16.     OAS Finance, another OAS Group financing vehicle, maintains its

registered office at Trident Trust Company (B.V.I.) Limited, Trident Chambers, P.O. Box 146,

Road Town, Tortola, British Virgin Islands.  It is wholly owned by OAS through OAS

Investments Limited, another BVI-registered company.

C.    **Center of Main Interests**

17.    Each of the Debtors is operationally and functionally centered in São Paulo, Brazil.  For instance, each of the Debtors are governed, managed and directed from the OAS Group's headquarters in São Paulo, Brazil, the members of each of the Debtors' boards of directors reside and hold meetings in São Paulo, Brazil, all of the accounting, finance, marketing, research and development, legal services, human resource management, cash management and other operational and administrative activities and/or decision-making are conducted in São Paulo, Brazil.  Further, all key expenditures and policy decisions are made by staff located in São Paulo, Brazil and, aside from the Noteholders, substantially all of the OAS Group's creditors are located in Brazil.

18.    Each of the Debtors is incorporated under the laws of Brazil except for OAS Investments and OAS Finance, which are incorporated under the laws of Austria and the British Virgin Islands, respectively.  Although OAS Finance and OAS Investments maintain their registered offices in the British Virgin Islands and Austria (as required under local law), neither conducts its business, which in each case is limited to the issuance and management of the Notes (as defined below), owns assets or has employees in the British Virgin Islands or Austria.  No matter the law of their incorporation or location of their registered office, head office functions for each of OAS Finance and OAS Investments occur in Brazil.  Indeed, decisions about the most important functions of the Notes issuers and payments on the Notes are made exclusively in Brazil.  Moreover, all or substantially all negotiations regarding the Brazilian Bankruptcy Proceedings (including restructuring of the Notes) have occurred in Brazil.  Further, the Notes issuers do not appear to have obligations owing to BVI or Austrian creditors, except to the extent that any beneficial holders of the Notes happen to be from those countries.

7

In addition, they have no suppliers in the BVI or Austria. The only contractor providing OAS Finance with services in the BVI is its domicile agent, Trident Trust Company Ltd. The only contractors that provide or provided services to OAS Investments in Austria are TAXCOACH Wirtschaftsprüfung und Steuerberatung GmbH, a local accounting and tax services provider, Schindler Rechtsanwälte GmbH, a local legal advisor, Weinder Seitung GmbH, a local newspaper and Bieber Brix & Partners, a notary. The services provided by these Austrian contractors consist of local services related primarily to the establishment and maintenance of OAS Investments' registered office in Austria and, secondarily, to various ministerial services related to issuance of the 2019 Notes (as defined below). The limited services provided by these contractors and the total absence of suppliers in the BVI and Austria further demonstrate the limited nature of the Notes issuers' presence in those countries (i.e., that they are mere "letterbox" companies).

### D.    Summary of OAS Group's Debt Structure

19. The OAS Group has total debt of approximately R$ 9.2 billion, including claims by surety, endorsements, or joint obligations.[4] In addition, the OAS Group has a labor claim pending judgment in the Brazilian courts in an undetermined amount (because it has not yet been reduced to judgment). The OAS Group does not intend to seek to restructure valid labor claims in the Brazilian Bankruptcy Proceedings.

20. Approximately R$ 400 million of the OAS Group's debt is secured. The OAS Group has only one secured creditor, FI-FGTS, which holds a security interest in 5.95% of

---

[4] The OAS Group's indebtedness is comprised of amounts in Brazilian Reais (R$) and US dollars. As of April 7, 2015, R$ 100 is equal to approximately US$ 32.08.

total shares in Invepar that were pledged in connection with a R$ 400 million local debenture.[5]
In addition, FI-FGTS holds a fiduciary assignment under Brazilian law of certain receivables of
the OAS Group.  Fiduciary assignments are not subject to the Brazilian Bankruptcy Law.

21.    Approximately R$ 6.1 billion of the OAS Group's debt is unsecured,
subject to the Brazilian Bankruptcy Law and may be restructured under a Brazilian
reorganization plan approved by the requisite majorities of creditors in a creditors meeting and
the Brazilian Bankruptcy Court.

22.    Approximately R$ 2.18 billion of the unsecured debt arises under various
debt securities issued in both Brazil and in the United States.  The United States debt instruments
consist of approximately US$ 1.78 billion in U.S.-dollar denominated notes governed by New
York law indentures.  Specifically, OAS Finance issued (i) certain 8.875% perpetual notes (the
"Perpetual Notes") in the aggregate principal amount of US$ 500,000,000 and (ii) certain 8.00%
Senior Notes due in 2021 (the "2021 Notes," and together with the Perpetual Notes, the "OAS
Finance Notes") in the aggregate principal amount of US$ 400,000,000.  OAS Investments
issued (i) certain 8.25% Senior Notes due in 2019 (the "2019-I Notes") in the aggregate principal
amount of US$ 500,000,000 and (ii) certain 8.25% Senior Notes due in 2019 (the "2019-II
Notes," and together with the 2019-I Notes, the "OAS Investments Notes," and together with the
OAS Finance Notes, the "Notes") in the aggregate principal amount of US$ 375,000,000.  OAS
and Construtora OAS have guaranteed all of the Notes.[6]  The Notes are general, unsecured

---

[5] As noted above, OAS owns 24.4% of the total outstanding shares of Invepar.

[6] The Notes were also originally also guaranteed by OAS Investimentos S.A.  In order to reduce costs and in an
effort to streamline the OAS Group's corporate structure, OAS Investimentos S.A. was merged into OAS on
December 26, 2014.  In addition, on December 1, 2014, the Construtora OAS transferred it 24.4% stake in Invepar
to OAS Infraestrutura S.A., a subsidiary of OAS.

obligations of the issuers and each of the guarantors and are <u>pari</u> <u>passu</u> with each obligor's other unsecured obligations.[7]

### E. Events Precipitating Commencement of the Brazilian Bankruptcy Proceedings

23.    Despite the OAS Group's prominent position in Brazil's construction and engineering market, ripple effects from the Petrobras investigation and adverse economic conditions have impaired its financial position.

24.    Since March 2014, the Brazilian oil company Petrobras has been under official investigation as a consequence of an ongoing Brazilian federal government-led anti-corruption case involving most of Brazil's largest construction companies and at least 14 suppliers.    On November 21, 2014, Petrobras released a list of 23 firms – including OAS – that were temporarily blocked from competing for new contracts with Petrobras, leading Standard & Poor's to downgrade OAS to 'B+' from 'BB-', even though only approximately 3% of the OAS Group's revenues were derived from contracts with Petrobras.

25.    These events, together with the general slowdown in the Brazilian economy, have led to a decrease in cash generation, and the poorer credit ratings have made it extremely difficult and expensive for the OAS Group to obtain credit to finance its projects, the magnitude of which requires large amounts of capital to fund and operate.    Meanwhile, the decline in value of the Brazilian *real* relative to other currencies (including the U.S. dollar) has further decreased the OAS Group's ability to service its existing total debt.

---

[7] Deutsche Bank Trust Company Americas (the "Indenture Trustees") acts as the Indenture Trustee, Registrar, Transfer Agent and New York Paying Agent for the Notes, and Deutsche Bank Luxembourg S.A. acts as the Irish Paying Agent for the Notes.

26.     As a result, in January of 2015, the OAS Group announced that it would cease making payments to its financial creditors while it worked to propose a global restructuring plan to its creditors.

27.     Indeed, the OAS Group has been engaging with its major financial creditors, seeking to find solutions mutually beneficial to the OAS Group, its employees, creditors and other stakeholders.  Several institutions holding a significant portion of the Notes have formed an ad hoc group (the "Ad Hoc Group").  The Ad Hoc Group retained separate counsel and an independent financial advisor in January of 2015.  After weeks of frequent and cooperative dialogue with the Ad Hoc Group's advisors, representatives from the OAS Group and its financial and business operations advisors met with the Ad Hoc Group's financial advisor on March 13, 2015 to further intensify fact gathering and to discuss the OAS Group's business plan.  Since then, further information meetings between advisors have been ongoing.  The OAS Group's advisors have gone to great lengths to facilitate the Ad Hoc Group's advisors' requested due diligence on the OAS Group and to explore the avenues for a viable turnaround of their operations.  Indeed, the OAS Group has been paying the Ad Hoc Group's advisors' fees and has every intention to continue to do so while this constructive process continues.  In sum, the OAS Group has engaged with the Ad Hoc Group and its other principal creditors with a view toward coming to a financial and operational restructuring plan satisfactory to its principal creditor constituency.

28.     Although most creditors have continued to work together with OAS to find consensual solutions to preserve and distribute value, and the OAS Group believes substantial progress has been made, a few creditors have begun to seek individual remedies.  Of the seven lawsuits against the OAS Group pending in Brazil, prior to the commencement of the

Brazilian Bankruptcy Proceedings, there were six collection or attachment actions in various

stages of litigation.  As a result, key assets of the OAS Group were subjected to attachment,

including cash assets, 8.89% of the valuable unencumbered shares that OAS indirectly holds in

Invepar, and 49.60% of shares held by OAS S.A. in Fonte Nova Negócios e Participações S.A,

the concessionaire previously mentioned that is responsible for the maintenance and operation of

World Cup stadium, Fonte Nova.  The continuation and growing number of these actions and

resulting attachments made it increasingly difficult for the OAS Group to continue business

operations, making the need for a global solution to its financial difficulties urgent.

### F.    The Action Filed in the Supreme Court of the State of New York

29.    As already noted, litigation against the Debtors has also been commenced

in the United States.  Under the indenture governing the 2021 Notes (the "Indenture"), OAS

Finance (as issuer), and OAS, Construtora OAS, and OAS Investimentos S.A.[8] (as guarantors)

consented to the non-exclusive jurisdiction of the New York courts.[9]

30.    On January 2, 2015, OAS Finance failed to make a scheduled interest

payment on the 2021 Notes.  After the payment obligation remained unsatisfied for 30 days, on

February 3, 2015, Aurelius Investment, LLC ("Aurelius"), a purported holder of 2021 Notes,

delivered a "Notice of Acceleration" under the 2021 Notes to the OAS Finance and its

guarantors thereunder.  Aurelius claimed to hold over 25% of the 2021 Notes and purported to

declare the full outstanding balance of the Notes immediately due and payable.

---

[8] As noted above, OAS Investimentos was merged into OAS.

[9] The Indenture provides that OAS, Construtora OAS, and OAS Investimentos consent to the non-exclusive jurisdiction of the New York Courts with respect to "any legal action, suit or proceeding against it with respect to its obligations, liabilities or any other matter arising out of or in connection with th[e] Indenture."  Indenture §§ 13.08, 13.12.

31.     The next day, on February 4, 2015, unbeknownst to OAS or any other noteholder, Aurelius commenced litigation (the "Aurelius Litigation") by filing a verified complaint and an ex parte Application for Order of Attachment under Rule 62 of the New York State Civil Practice Law and Rules (the "CPLR") against OAS Finance, OAS, Construtora OAS, and OAS Investimentos S.A. (together, the "Existing State Litigation Defendants") in the Supreme Court of the State of New York, County of New York (the "New York State Court").[10] Aurelius also filed its materials under seal, thus preventing the Existing State Litigation Defendants from learning of the lawsuit.

32.     Aurelius sought, on an ex parte basis, prejudgment attachment in the amount of $109,933,802.22, i.e., for its alleged principal and accrued interest under the 2021 Notes.  Notably, Aurelius argued that the New York State Court has jurisdiction to, and should, attach not only the Existing State Litigation Defendants' property within the State of New York but also all of the Existing State Litigation Defendants' intangible property, wherever located. Aurelius asserted that its proposed attachment was "needed to secure plaintiff's potential judgment . . . because (a) defendants are foreign corporations without domicile or residence in New York, (b) many of the assets sought to be attached are liquid in nature (e.g., bank or brokerage accounts), and (c) defendants are in acute financial distress that draws into question whether any potential judgment would be paid unless secured by an attachment."  Memorandum

---

[10] In addition to this lawsuit, Aurelius is also fully participating in the Brazilian Bankruptcy Proceedings and has filed papers with the Brazilian Bankruptcy Court seeking various forms of relief.

of Law in Support of Plaintiff's Ex Parte Application for Order of Attachment, <u>Aurelius</u>

<u>Investment, LLC</u> v. <u>OAS Finance Limited, et al.</u>, No. 650312/2015 at 7 (Sup. Ct. Feb. 4, 2015).

33.     On February 9, 2015, the New York State Court issued the requested <u>ex</u>

<u>parte</u> order of attachment.  The Sheriff of the City of New York was ordered to levy within his

jurisdiction any property of any Existing State Litigation Defendant to secure and satisfy the

sum.  The Existing State Litigation Defendants were also prohibited from "selling, assigning,

transferring or paying over to any person other than the Sheriff" any property or debt covered by

the Order.

34.     On February 18, 2015, a nearly-identical lawsuit (the "Alden Litigation"

and, together with the Aurelius Litigation, the "Existing State Litigation") was filed against the

Existing State Litigation Defendants by Alden Global Adfero BPI Fund, Ltd., Alden Global

Opportunities Master Fund, L.P., Alden Global Value Recovery Master Fund, L.P., and Turnpike

Limited (together, "Alden"), which together claim to beneficially own $29,070,000 of the 2021

Notes.  Alden is represented by the same law firm representing Aurelius, relies on the same

alleged default and acceleration as Aurelius, and has moved for an order of attachment identical

to that sought by Aurelius (other than the sum sought to be attached).  Alden's motion for

attachment is proceeding on the same schedule as that of Aurelius.

35.     The Aurelius Litigation and the Alden Litigation have both been assigned

to Justice Lawrence K. Marks and are proceeding on the same schedule.  On March 13, 2015,

Defendants filed papers opposing the requested attachments on the basis that (i) the attachments

are barred by the Indenture's "equal and ratable" provision, which prohibits noteholders from

gaining priority or preference over other noteholders (which is exactly what Aurelius and Alden

are attempting to do), (ii) Aurelius and Alden have failed to demonstrate any need for an

attachment, and (iii) there is no basis for an order of attachment in respect of the Existing State
Litigation Defendants' global property.  The matters are scheduled to be heard on April 27, 2015.

### G.   Action in the U.S. District Court for the Southern District of New York

36.   On March 5, 2015, Huxley Capital Corporation ("Huxley"), a company
affiliated with Aurelius,[11] filed a complaint (the "Huxley Litigation" and, together with the
Existing State Litigation, the "Existing Litigation") against OAS S.A., Construtora S.A., OAS
Investimentos S.A., OAS Infraestrutura S.A., and OAS Engenharia e Construção S.A. (together
the "Huxley Defendants") in the United States District Court for the Southern District of New
York.

37.   Huxley alleges that it is the beneficial owner of an undisclosed amount of
2021 Notes and the 2019 Notes issued by OAS Finance and OAS Investments, respectively.  As
previously noted, both sets of Notes are guaranteed by OAS and Contrutora OAS.[12]

38.   In its complaint, Huxley seeks to set aside, allegedly as fraudulent
conveyances, three separate corporate actions—all of which took place between Brazilian
companies in Brazil.  These corporate actions consist of: (1) the transfer of assets from
Construtora OAS to OAS Engenharia e Construção S.A. on December 1, 2014; (2) the transfer of
Invepar shares from OAS Investimentos S.A. to OAS Infraestrutura S.A. on December 26, 2014;
and (3) OAS' merger with OAS Investimentos S.A. on December 26, 2014.  Notably, these
challenges overlap with relief that Aurelius is seeking in parallel proceedings in Brazil.

---

[11] Huxley's affiliation with Aurelius was not disclosed in Huxley's complaint. It only later came to light when
Aurelius issued a press release following the commencement of the Brazilian Bankruptcy Proceedings in which
Aurelius asserted unfounded negative statements about the OAS Group.

[12] The Notes were also originally guaranteed by OAS Investimentos, however, as noted above, OAS Investimentos
was merged into OAS.

39.    The Huxley Litigation has been assigned to Judge Gregory H. Woods. The Huxley Defendants have until April 20, 2015 to move, answer or otherwise respond to Huxley's complaint.  An initial pre-trial conference is set for April 28, 2015.

### H.    The Brazilian Bankruptcy Proceedings

40.    As noted above, the OAS Group has suffered from its inability to generate cash as a result of the Brazilian economic downturn and the negative publicity resulting from the Petrobras investigation.  Consequently, the OAS Group's cash reserves have been negatively impacted.  These factors, combined with the growing number of lawsuits and attachments, particularly in Brazil, led the management of the OAS Group to the conclusion that the reorganization process available through the Brazilian Bankruptcy Proceedings was the best option to preserve enterprise value for the benefit of all stakeholders.

41.    On March 31, 2015, the Debtors duly commenced the Brazilian Bankruptcy Proceedings pursuant to the Brazilian Bankruptcy Law by filing voluntary bankruptcy petitions in the Brazilian Bankruptcy Court.  On April 1, 2015, the Brazilian Bankruptcy Court issued the Brazilian Bankruptcy Court Order approving the continuation of the Brazilian Bankruptcy Proceedings.

42.    Specifically, the Brazilian Bankruptcy Court determined that all of the members of the OAS Group included in the joint petition for relief under the Brazilian Bankruptcy Law.  Brazilian Bankruptcy Court Order at 3329.  The court expressly found that the OAS Finance and OAS Investments have their "principal center of activities (COMI – Center of Main Interest)" in Brazil, are "fully controlled by OAS," and "operate exclusively for acquiring resources abroad. . . ."  Id.

### I.    Connections to the United States

16

43.     The Debtors do not have a domicile or any place of business in the United States.  As of the date hereof, however, Construtora OAS, held in its own name or in the names of its branches[13], approximately US$ 5,626,000 on deposit with BNP Paribas, New York Branch and approximately US$ 276,000 on deposit with Citibank N.A.  Such funds have been levied by the Sheriff of New York City and have been turned over to the Sheriff pursuant to the ex parte order of attachment that Aurelius secured from the New York State Court.  Construtora OAS also has two deposit accounts with Banco do Brasil (New York Branch).  The funds in these accounts, approximately US$ 39,000 and US$ 1,200 respectively, have also been levied by the Sheriff of New York City pursuant to the ex parte order of attachment.   OAS Investments maintains a bank account at the New York branch of Itaú BBA Nassau, which as of the date hereof holds approximately US$ 12,000.  Finally, as of the date hereof, OAS has US$ 9,950 and OAS Finance has US$ 10,000 in separate client trust accounts with White & Case LLP in New York County, New York.

### Requests for Recognition and Related Relief

44.     In connection with the filing of these chapter 15 cases, I have submitted the Petition and the Application.  In addition to the facts set forth above, the factual bases for the relief requested is set forth below.

### A.     The Motion

45.     With this Petitioner Declaration, I have filed the Motion seeking entry of an order that

---

[13] Construtora OAS' branches are not legal entities separate from Construtora OAS.

(a)     grants the Petition in these cases and recognizes the Brazilian Bankruptcy Proceedings as foreign main proceedings pursuant to section 1517 of the Bankruptcy Code,[14]

(b)     recognizes the Petitioner as the "foreign representative," as defined in section 101(24) of the Bankruptcy Code, in respect of the Brazilian Bankruptcy Proceedings,

(c)     grants the Petitioner authority to examine witnesses, take evidence, and deliver information concerning the Debtors and their businesses, and entrusting the administration, realization and distribution of any and all of the Debtors' assets within the territorial jurisdiction of the United States to the Petitioner;

(d)     grants such other and further relief as the Court deems just and proper.

46.     As detailed more fully in the Petition, I believe that there is a compelling case for recognition of the Brazilian Bankruptcy Proceedings as foreign main proceedings.

47.     The COMI of each of the Debtors and their enterprise is Brazil.  Each of the Debtors is headquartered in the city of São Paulo.  Each of the Debtors is operationally and functionally centered in São Paulo, Brazil.  For instance, each of the Debtors are governed, managed and directed from the OAS Group's headquarters in São Paulo, Brazil, the members of each of the Debtors' boards of directors reside and hold meetings in São Paulo, Brazil, and all of the accounting, finance, marketing, research and development, legal services, human resource management, cash management and other operational and administrative activies are conducted in São Paulo, Brazil by staff located there.  Further, all key expenditures and policy decisions are made by staff located in São Paulo, Brazil and, aside from the Noteholders, substantially all of the OAS Group's creditors are located in Brazil.

---

[14] In the event that the Court declines to recognize the Brazilian Bankruptcy Proceeding in respect of OAS Finance or OAS Investments as a foreign main proceedings, the Petitioner requests that this court enter an order that recognizes such Brazilian Bankruptcy Proceedings as a foreign nonmain proceedings.

48.    Additionally, all the Debtors except for OAS Finance and GmbH are organized under Brazilian law.  Indeed, as evidenced by the Certificates of Registry, each of OAS and OAS Construtora maintain their registered offices in São Paulo.

49.    Although OAS Finance is incorporated in the BVI and OAS Investments is incorporated in Austria, each of them has always been and continues to be managed from (and thus to have its "nerve center" and "locus of operations" in Brazil) as demonstrated by the factors set forth above and shared by the other Debtors.  In addition, the following factors must be taken into account:

    (a)    while these Notes issuers have their respective registered offices in the BVI and Austria, which the Debtors understand is required in each case as a technical matter of BVI law (in respect to OAS Finance) and Austrian law (in respect to OAS Investments), each engages only in activities related to the financing of the Brazilian-centered OAS Group through the Notes;

    (b)    each of the Guarantors of the Notes, which are jointly and severally liable with the Notes issuers, are incorporated in Brazil and all of the members of their boards of directors and executive officers reside in Brazil;

    (c)    all or substantially all negotiations regarding the Brazilian Bankruptcy Proceedings (including restructuring of the Notes) have occurred in Brazil;

    (d)    all of the members of each of the Notes issuers' boards of directors reside in Brazil and conduct all their business from Brazil

50.    Moreover, the Notes issuers do not appear to have obligations owing to BVI or Austrian creditors, except to the extent that any beneficial holders of the Notes happen to be from those countries.  In addition, they have no suppliers in the BVI or Austria.  The only contractor providing OAS Finance with services in the BVI is its domicile agent, Trident Trust Company Ltd.   The only contractors provided OAS Investments services in Austria are TAXCOACH Wirtschaftsprüfung und Steuerberatung GmbH, a local accounting and tax

services provider, Schindler Rechtsanwälte GmbH, a local legal advisor, Weinder Seitung

GmbH, a local newspaper and Bieber Brix & Partners, a notary, all of which provide local

services related only to the issuance of the 2019 Notes.  In short, both OAS Finance and OAS

Investments are classical "letter box" companies, operationally and functionally integrated into a

larger enterprise, the OAS family of companies, whose headquarters, and head-office functions

are located in Brazil.

51.      Finally, as stated in the Motion, I understand and believe that recognizing

the Brazilian Bankruptcy Proceedings as foreign main proceedings and granting the relief

requested therein is consistent with the purposes of chapter 15 of the Bankruptcy Code and

public policy of the United States.

52.      Therefore, I believe that the relief requested in the Motion is necessary and

appropriate and is in the best interests of the Debtor, its creditors, and other parties in interest.

## B.      The Application

53.      Contemporaneously with this declaration, I will also file the Application

seeking the entry of an order substantially in the form attached to the Application as Exhibit "A"

(such form the "Proposed Order") (i) setting the date and time (New York time) (the

"Recognition Hearing Date") for the hearing (the "Recognition Hearing") on the relief sought in

the Petition, (ii) setting  the date and time (New York Time) as the deadline by which any

responses or objections to the Petition must be received (the "Objection Deadline"); (iii)

approving the form of notice of the Recognition Hearing Date (the "Recognition Hearing

Notice") that is attached to the Application as Exhibit "B"; (iv) approving the manner of service

of the Recognition Hearing Notice as described in the Application; and (v) granting related

relief.

54.     I can attest that the Debtors have many creditors and other parties in interest who need to be notified about Proposed Order, the Recognition Hearing Date, the Recognition Hearing, and the Objection Deadline.  Under the facts and circumstances of the Debtors' chapter 15 cases, I submit that service of the Recognition Hearing Notice in the manner proposed in the Application will provide the Chapter 15 Notice Parties (as defined in the Application) due and sufficient notice of the relief requested in the Petition and associated objection deadline and hearing dates.

55.     Furthermore, the Recognition Hearing Notice provides several efficient ways for any party receiving such notice to obtain any copies of pleadings and papers that I may file in this chapter 15 case.  For example, it provides a mailing address, email address, and phone number that can be used to request and obtain critical documents, including the Petition and the Proposed Order.  Additionally, service of any pleadings and papers filed in this case, as set forth herein, is an efficient and effective way to provide notice to such key parties in these chapter 15 cases and the Brazilian Bankruptcy Proceedings.  At the same time, I, as the foreign representative, will not be over-burdened with the significant costs associated with copying and mailing all the various documents filed in this case to the entire matrix of putative creditors and other parties that already received adequate notice of the Brazilian Bankruptcy Proceedings and have no known connection to the United States.

56.     Therefore, I believe that the relief requested in the Application is necessary and appropriate and is in the best interests of the Court, the Debtors, their creditors, and other parties in interest.

## STATEMENT PURSUANT TO SECTION 1515(c) OF THE BANKRUPTCY CODE

57.    A branch of Construtora OAS, Construtora OAS S.A. Surcursal Uruguay, filed a petition for relief under Uruguayan insolvency law before the *Juez Letrado de Primera Instancia de Concursos* (the "Uruguayan Bankruptcy Court") on April 6, 2015. The Uruguayan Bankruptcy Court accepted the petition of Construtora OAS S.A. Surcursal Uruguay on April 8, 2015. Aside from this proceeding, the only foreign proceedings (as such term is defined in section 101(23) of the Bankruptcy Code) pending with respect to each of the Debtors that are known to me are the Brazilian Bankruptcy Proceedings.

## PENDING BANKRUPTCY CASES FILED BY AFFILIATES OF THE DEBTOR

58.    None of the Debtors have a pending petition with the Court for relief under chapter 15, or any other chapter of title 11 of the United States Code.

## ADMINISTRATORS IN THE BRAZILIAN PROCEEDING

59.    In the Brazilian judicial reorganization proceedings (*recuperação judicial*) pursuant to Federal Law No. 11.101 of February 9, 2005, the Debtors remain in possession of its assets and attend to their own affairs. I, Renato Fermiano Tavares, was authorized by the Boards of Directors of each of the Debtors to act as a representative in respect of each of the Debtors and each of their Brazilian Bankruptcy Proceedings, including for purposes of seeking any relief available to a "foreign representative" (as defined in section 101 of title 11 of the United States Code) under chapter 15 of title 11 of the United States Code or other applicable law and authorized me to act as their agent in administering the reorganization of the Debtors' assets and affairs in the Brazilian Bankruptcy Proceedings. I am unaware of any other persons or bodies authorized to administer foreign proceedings in respect of the Debtors.[15]

---

[15] The judicial administrator, appointed by the Brazilian Bankruptcy Court, with a supervisory role but no management powers, is Alvarez & Marsal Consultoria Empresarial do Brasil, headquartered at Rua Surubim, 577,

## PARTIES TO LITIGATION IN THE UNITED STATES

60.    As of the date of the filing of this Petition, the Debtors are aware of the

following litigation pending in the United States:

- Aurelius Investment, LLC v. OAS Finance Limited, OAS S.A., Construtora OAS S.A., and OAS Investimentos S.A, Index No. 650312/2015 pending in the Supreme Court of the State of New York in the County of New York.

- Alden Global Adfero BPI Fund, LTD., Alden Global Opportunities Master Fund, L.P., Alden Global Value Recovery Master Fund, L.P., and Turnpike Limited v. OAS Finance Limited, OAS S.A., Construtora OAS S.A., and OAS Investimentos S.A, Index No. 650480/2015 pending in the Supreme Court of the State of New York in the County of New York.

- Huxley Capital Corporation v. OAS S.A., Construtora OAS S.A., OAS Investimentos S.A., OAS Infraestrutura S.A., OAS Engenharia e Construcao, No. 15 CV 01637 pending in the United States District Court for the Southern District of New York.

### ENTITIES AGAINST WHOM PROVISIONAL
### RELIEF IS SOUGHT UNDER SECTION 1519

61.    The Debtors are seeking provisional relief against the following entities:

- Aurelius Investment, LLC;

- Alden Global Adfero BPI Fund, LTD.;

- Alden Global Opportunities Master Fund, L.P.;

- Alden Global Value Recovery Master Fund, L.P.;

- Turnpike Limited;

- Huxley Capital Corporation; and

---

9º andar, cj. 92, Brooklin Novo, CEP 04571-050, São Paulo, São Paulo, Brazil.  Such judicial administrator has not been authorized to commence foreign proceedings in respect of the Debtors.

- Deutsche Bank Trust Company Americas, as Indenture Trustee under the Notes.

**CORPORATE OWNERSHIP STATEMENTOF OAS PURSUANT TO BANKRUPTCY RULES 1007(a)(4) AND 7007.1 AND LOCAL RULE 1007-3**

62.    In accordance with Bankruptcy Rule 7007.1, I hereby state that CMP Participações Ltda. and LP Participações e Engenharia Ltda. directly owns 10% or more of OAS's equity interests.

63.    In addition, pursuant to Local Rule 1007-3, I hereby state that OAS S.A. owns (either directly or indirectly):

(a) 24.44 % of Investimentos e Participações em Infraestrutura S.A. - Invepar, located at Av. Almirante Barroso nº 52, salas 801, 3001 e 3002, Centro, Rio de Janeiro – RJ, Brazil, ZIP Code 20031-000;

(b) 78.95% of Fundo de Investimento em Participações OAS Empreendimentos, located at Setor Bancário Sul – Quadra 4, Lote ¾, 21st floor, Zip Code 70.092-900, Brasília, Federal District, Brazil;

(c) 78.95% of OAS Empreendimentos S.A., located at Avenida Angélica, nº 2.220, 7th floor, ZIP Code 01228-200, Consolação, São Paulo, State of São Paulo, Brazil;

(d) 61% of OAS Óleo e Gas S.A., located at Praia de Botafogo, 440, 16th floor, suite 1601, Part, ZIP Code 22.250-040 Botafogo, Rio de Janeiro, State of Rio de Janeiro, Brazil;

(e) 37.5% of Concessionária Porto Novo S.A., located at Rua Pedro Alves, 307, Santo Cristo, ZIP Code 20220-283, Rio de Janeiro, State of Rio de Janeiro, Brazil;

(f) 17.5% of Enseada Industria Naval Participações S.A., located at Av. República do Chile, 230, 6th floor, part, ZIP Code 20031-919, Rio de Janeiro, State of Rio de Janeiro, Brazil;

(g) 50% of Fonte Nova Negócios e Participações S.A. – FNP, located at Ladeira Fonte das Pedras, s/n, Nazaré, ZIP Code 40050-565, Salvador, State of Bahia, Brazil;

(h) 37.5% of Solace Empreendimentos Imobiliários S.A., located at Av. Rio Branco, 108, suite 601, ZIP Code 20040-001, Rio de Janeiro, State of Rio de Janeiro, Brazil;

(i) 75% of Empresa Peruana de Aguas S.A., located at Calle Dean Valdivia nº 111 - oficina 202 - San Isidro, Lima, Peru;

(j) 50.1% of Edificações Itaigara S.A., located at Av Antonio Carlos Magalhaes, 1113, ZIP Code 41.825-000, Itaigara, Salvador, State of Bahia, Brazil;

(k) 51% of Inambari S.A., located at Praia de  Botafogo, 440, 17th floor, Partt, ZIP Code 22.250-040, Rio de Janeiro, State of Rio de Janeiro, Brazil;

(l) 50% of SPE Ponte Estaiada Marquise Infraestrutura S.A., located at Av. Santos Dumont, 1740, suíte 1011, ZIP Code 60150161, Fortaleza, State of Ceara, Brazil;

(m) 22% of ECOVAP Engenharia e Construcoes Vale do Paraíba Ltda., located at Av. Cidade Jardim, 4660, ZIP Code 12.232-000, São José dos Campos, State of São Paulo, Brazil;

(n) 42.86% of Rodoanel Sul 5 Engenharia Ltda., located at Av. Joao Batista

   Medina, 176, suite 4, ZIP Code: 06.840-000, Embu das Artes, State of Sao

   Paulo, Brazil;

(o) 60% of Construtora OAS GE S/A, Malabo, Equatorial Ghinea;

(p) 99.99% of COESA Engenharia Ltda., located at Avenida Angélica, nº

   2.330/2.346/2.364, 7th floor, 701, ZIP Code 01228-200, Consolação, São

   Paulo, State of São Paulo, Brazil;

(q) 70% of Construtora OAS Ghana Ltd., Noi Fetreke St #9,Airport Residential

   Area, Ghana; and

(r) 48% of Construtora OAS LLC, Doha, Qatar.

**CORPORATE OWNERSHIP STATEMENT
OF CONSTRUTORA OAS PURSUANT TO
<u>BANKRUPTCY RULES 1007(a)(4) AND 7007.1 AND LOCAL RULE 1007-3</u>**

64.    In accordance with Bankruptcy Rule 7007.1, I hereby state that (i) CMP

Participações Ltda. and LP Participações e Engenharia Ltda. indirectly owns 10% or more of

Contrutora OAS's equity interests and (ii) OAS directly owns 10% or more of the Construtora

OAS's equity interests.

65.    In addition, pursuant to Local Rule 1007-3, I hereby state that Construtora

OAS owns (either directly or indirectly):

(a) 25% of Empresa Peruana de Aguas S.A., located at Calle Dean Valdivia nº

   111 - oficina 202 - San Isidro, Lima, Peru;

(b) 50.1% of Edificações Itaigara S.A., located at Av Antonio Carlos

   Magalhaes, 1113, ZIP Code 41.825-000, Itaigara, Salvador, State of

   Bahia, Brazil;

(c)  51% of Inambari S.A., located at Praia de  Botafogo, 440, 17th floor, Partt,

ZIP Code 22.250-040, Rio de Janeiro, State of Rio de Janeiro, Brazil;

(d)  50% of SPE Ponte Estaiada Marquise Infraestrutura S.A., located at Av.

Santos Dumont, 1740, suíte 1011, ZIP Code 60150161, Fortaleza, State of

Ceara, Brazil;

(e)  22% of ECOVAP Engenharia e Construcoes Vale do Paraíba Ltda.,

located at Av. Cidade Jardim, 4660, ZIP Code 12.232-000, São José dos

Campos, State of São Paulo, Brazil;

(f)  42.86% of Rodoanel Sul 5 Engenharia Ltda., located at Av. Joao Batista

Medina, 176, suite 4, ZIP Code: 06.840-000, Embu das Artes, State of Sao

Paulo, Brazil;

(g)  60% of Construtora OAS GE S/A, Malabo, Equatorial Ghinea.

(h)  99.99% of COESA Engenharia Ltda., located at Avenida Angélica, nº

2.330/2.346/2.364, 7th floor, 701, ZIP Code 01228-200, Consolação, São

Paulo, State of São Paulo, Brazil.

(i)  70% of Construtora OAS Ghana Ltd., Noi Fetreke St #9,Airport

Residential Area, Ghana; and

(j)  49% of Construtora OAS LLC, Doha, Qatar.

## CORPORATE OWNERSHIP STATEMENT
## OF OAS FINANCE PURSUANT TO
## BANKRUPTCY RULES 1007(a)(4) AND 7007.1 AND LOCAL RULE 1007-3

66.     In accordance with Bankruptcy Rule 7007.1, I hereby state that (i) CMP

Participações Ltda. and LP Participações e Engenharia Ltda. indirectly owns 10% or more of

OAS Finance's equity interests, (ii) OAS indirectly owns more than 10% of the OAS Finance's equity interests and (iii) OAS Investments Limited, which maintains its registered office at Trident Trust Company (B.V.I.) Limited, Trident Chambers, P.O. Box 146, Road Town, Tortola, British Virgin Islands directly owns more than 10% of OAS Finance's equity interests.

67.    In addition, pursuant to Local Rule 1007-3, I hereby state that OAS Finance does not own any stake in any publicly traded corporations, general partnerships, limited partnerships, or joint ventures.

**CORPORATE OWNERSHIP STATEMENT
OF OAS INVESTMENTS PURSUANT TO
BANKRUPTCY RULES 1007(a)(4) AND 7007.1 AND LOCAL RULE 1007-3**

68.    In accordance with Bankruptcy Rule 7007.1, I hereby state that (i) CMP Participações Ltda. and LP Participações e Engenharia Ltda. indirectly owns 10% or more of OAS Investment's equity interests and (ii) OAS directly owns 10% or more of the OAS Investment's equity interests.

69.    In addition, pursuant to Local Rule 1007-3, I hereby state that OAS Investments does not own any stake in any publicly traded corporations, general partnerships, limited partnerships, or joint ventures.

I, Renato Tavares declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that, based on my knowledge, information, and belief as set forth herein, the foregoing is true and correct.

Dated: _April_ _15_, 2015

Respectfully submitted,

_____
Renato Tavares