**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7200**

WRITER'S INTERNET ADDRESS
**susheelkirpalani@quinnemanuel.com**

**BY HAND DELIVERY**

May 4, 2015

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 723
New York, NY 10004-1408

**Re:    Discovery Conference Request; In re OAS S.A., *et al.*, Case No. 15-10937 (SMB)**

Dear Judge Bernstein:

We are co-counsel to the foreign representative in the above-captioned Chapter 15 proceedings and represent OAS S.A. and certain of its subsidiaries in connection with litigation matters, including the following actions currently pending in the District Court for the Southern District of New York and New York Supreme Court: (i) *Huxley Capital Corporation v. OAS S.A.*, *et al.,* 15-CV-01637 (S.D.N.Y. Mar. 5, 2015); (ii) *Alden Global Adfero BPI Fund, LTD.*; *et al. v. OAS Finance Limited, et al.,* Index No. 650480/2015 (Sup. Ct. N.Y. Cnty. Feb. 18, 2015); and (iii) *Aurelius Investment, LLC v. OAS Finance Limited, et al*., Index No. 650312/2015 (Sup. Ct. N.Y. Cnty. Feb. 4, 2015) (collectively, the "Pending Litigations"). We write pursuant to Local Rule 7007-1, seeking the Court's intervention in order to stop the plaintiffs in the Pending Litigations (the "Plaintiffs") from using the guise of contesting recognition under Chapter 15 of the Bankruptcy Code to advance their larger litigation agenda. This Court has scheduled May 19, 2015 to decide recognition under Chapter 15 ("Recognition Hearing") and the Plaintiffs have lodged against the Debtors **72 requests for documents and 2 depositions** the scope of which largely has nothing to do with Chapter 15, but everything to do with the litigation that would be automatically stayed in the event recognition is granted.[1] At the "meet and confer" conference on Friday, May 1, we questioned the breadth of discovery and Plaintiffs insisted discovery is needed to evaluate the "equities" of a preliminary injunction or other discretionary relief. We dispute that contention but *hoped to avoid the discovery dispute by offering to adjourn any requests for a preliminary injunction or other discretionary relief* and proceeding **solely on recognition on May 19th** if that resolves the discovery scope. *See* Tr. April 17, 2015, at 70:17-20 ("you may want to consider just moving everything over to the May 19th date to avoid having to prepare and come in for something that may … prove unnecessary."). The Plaintiffs would not agree to that construct.

---

[1] A copy of the document requests is attached as Exhibit A. Thirty of the discovery requests were taken from the *Huxley* litigation, substantially word for word.

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

We respectfully request a chambers conference at the Court's earliest convenience. In addition to the improper document requests, Plaintiffs have also noticed depositions for May 7 and May 8 of Messrs. Renato Fermiano Tavares and Eduardo Secchi Munhoz, the foreign representative and legal expert on Brazilian restructuring (who also serve as in-house and outside counsel to OAS in Brazil), and the scope of such depositions should be limited to the proper scope of the recognition proceeding before they proceed. Plaintiffs have also indicated they will not proceed with the depositions until document discovery is completed, making immediate Court intervention necessary.

*Issues Relevant to Recognition Hearing.* As the Court is aware, relevant to the Recognition Hearing is whether the Debtors have their "center of main interests" or merely an "establishment" in Brazil, entitling the foreign representative to recognition of the foreign proceedings as "foreign main" or "foreign nonmain" proceedings. *See In re Millennium Global Emerging Credit Master Fund Ltd.*, 458 B.R. 63, 69 (Bankr. S.D.N.Y. 2011) ("Chapter 15 contemplates a short and relatively simple petition for recognition, accompanied by proof of the existence of the foreign proceeding, and it specifically avoids giving the court the degree of discretion at the outset of a case that was required under former § 304, where the court had to consider issues such as 'comity' and the interests of creditors in the United States before an order was entered."). Also relevant is whether the foreign representative has been duly appointed in such proceeding. 11 U.S.C. § 1515; 8 Collier on Bankruptcy ¶ 1517.01 at 1517-3 (16th ed. 2014) ("as long as the three requirements of [section 1517] are met, the court is obligated to grant recognition."). Although these issues should be uncontested following even a cursory review of public information, **the Debtors are willing to provide discovery related to these two issues**, and we have made this clear to the Plaintiffs.[2]

*Plaintiffs' Fishing Expedition.* Nevertheless, Plaintiffs have propounded document requests upon the Debtors in connection with the Recognition Hearing that mirror a Bankruptcy Rule 2004 motion. As set forth on the chart attached as Exhibit B, the Court can see the majority of document requests are not relevant to the Recognition Hearing. Rather, they are—without question—designed to fish for documents to use in furtherance of challenges made or to be made in the Brazil judicial recovery proceedings. Of course, hoping to jump ahead of the Recognition Hearing and so as not to put all their eggs in this basket, the Plaintiffs have also sought expedited discovery in the fraudulent conveyance litigation before District Judge Woods, which request the Debtors oppose.[3] The parties are currently preparing a joint letter to Judge Woods which will articulate their respective positions, including the Debtors' position that discovery should be deferred pending the outcome of the Recognition Hearing and in light of the main Brazilian bankruptcy proceedings.

---

[2] Certain requests improperly demand documents "created or modified since the beginning of time," (Instruction P), and others call for documents going back to January 1, 2014 (Instruction O). The Debtors are willing to produce documents created within 6 months prior to the Chapter 15 filing, which is more than the law requires. *Morning Mist Holdings Ltd. V. Krys (In re Fairfield Sentry Ltd.)*, 714 F.3d 127, 137 (2d Cir. 2013) ("We therefore hold that a debtor's COMI should be determined based on its activities at or around the time the Chapter 15 petition is filed, as the statutory text suggests.").

[3] The first status conference before Judge Woods is on Thursday, May 7, 2015. Notably, the Plaintiffs seek accelerated production in that action by May 18, which is the day before the Recognition Hearing in the hope of beating the automatic stay that would kick in on May 19 if recognition is granted.

2

By way of example, the improper requests served in the Chapter 15 case include attempts to seek discovery concerning the Debtors' "insolvency, potential insolvency, or potential inability to meet obligations as they came due" [Request 18], "transfers of any of the Debtors' assets to or from a jurisdiction and the circumstances of such transfers" [Request 21], "what if any financial or other consideration was given by OAS Engineering … to Construtora OAS in exchange for the transferred assets" [Request 44], "the actual or anticipated effect of the OAS Construction Asset Transfer on the creditors of the Debtors" [Request 49], "the Invepar Share Transfer" [Request 51], "the actual or anticipated effect of the Invepar Share Transfer on the creditors of the Debtors" [Request 59], and "the Merger … and what if any financial or other consideration was given by OAS S.A. to OAS Investimentos in exchange." [Request 60.]  These requests undeniably seek materials that relate to Plaintiffs' allegations concerning putative voidable transfers in the Pending Litigation.  Indeed, the so-called "OAS Construction Asset Transfer," the "Invepar Share Transfer", and the "Merger" are **lifted directly from the complaint filed in the District Court**.  *See* Complaint, Exh. 14 to Starner Declaration [Dckt. No. 8.]  Perhaps more brazenly, Plaintiffs also seek materials relevant to a government investigation and the Debtors pending internal investigation:  "documents concerning [the investigation conducted by Brazilian Federal Police in 2014]." [Request 39.]

In the event recognition is denied, and the automatic stay is not imposed pursuant to section 362 of the Bankruptcy Code, the ability of Plaintiffs to obtain discovery on these issues will proceed under the auspices of the courts overseeing the Pending Litigation.  Notably, Plaintiffs have previously challenged at least one of these transactions in Brazil before the Brazilian courts and continue to be active participants in litigation and the restructuring there.  The lodging of discovery that would not be permitted under the laws of Brazil, and that are the subject of active litigation in the courts in New York (which may be stayed upon recognition), should not find a home in the Chapter 15 case commenced by the Debtors seeking protection and recognition of the Debtors' main bankruptcy cases.

*Purported Need Based on Relief Beyond 11 U.S.C. §1520*.  During the "meet and confer," Plaintiffs attempted to argue their broad litigation-related discovery is necessary because the Debtors are seeking relief under sections 1519 and 1521, and not merely the automatic benefits of recognition.  Without debating the dubious merits of that position, the Debtors explained they would be prepared to adjourn any requests for discretionary relief and proceed solely on recognition on May 19th if that resolves the discovery scope.  If recognition is granted but only as a nonmain proceeding, the Debtors understand they may need to request discretionary relief from the Court at a subsequent hearing, and these discovery disputes will need to be addressed in connection therewith.  But the Debtors are confident their Brazilian proceedings will be recognized as main and do not wish to engage in protracted discovery disputes that may prove unnecessary or may result in unwarranted delays.  11 U.S.C. § 1517(c) ("A petition for recognition shall be decided upon at the earliest possible time.").  In response, the Plaintiffs insisted that the Debtors withdraw the TRO currently preventing asset seizure because there would be no scheduled preliminary injunction hearing on May 19.  The Debtors disagree—the recognition hearing is tantamount to the injunction hearing (it is just automatic), and the TRO is an appropriate bridge to that hearing.  Tr. April 17, 2015 at 69:20-22 ("You may want to think about simply letting the TRO ride through to the recognition hearing absent something more concrete or specific or urgent that arises.").

3

We are available at the Court's convenience in person or by teleconference.  Thank you.

               Respectfully Submitted,

               Susheel Kirpalani

cc: Allan S. Brilliant, Esq. (bankruptcy counsel to Plaintiffs)
   Craig P. Druehl, Esq. (bankruptcy counsel to Plaintiffs)
   Edward A. Friedman, Esq. (state litigation counsel to Plaintiffs)
   Lawrence S. Robbins, Esq. (federal litigation counsel to Plaintiffs)
   Andrew Rosenblatt, Esq. (counsel to Joint Provisional Liquidators)
   John K. Cunningham, Esq. (co-counsel to Debtors)
   Gregory M. Starner, Esq. (co-counsel to Debtors)

Enc.