

Chadbourne & Parke LLP
1301 Avenue of the Americas
New York, NY 10019
telephone: (212) 408-5100

May 6, 2015

Susheel Kirpalani
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue
22nd Floor
New York, New York 10010-1601

Re:  Discovery and Authority to Manage OAS Finance Limited;
       *In re OAS S.A., et al.*, Case No. 15-10937 (SMB)

Dear Susheel:

We are in receipt of your May 4, 2015 letter to Judge Bernstein titled Discovery Conference Request; In re OAS S.A., *et al.*, Case No. 15-10937 (SMB). By your May 4 letter and the notices of appearance filed in the above-referenced Chapter 15 cases on behalf of certain attorneys from your firm, Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), we understand that Quinn Emanuel has been retained to act as co-counsel for OAS, S.A. and certain of its subsidiaries, purportedly including OAS Finance Limited ("OAS Finance"), in certain litigation matters. We further understand that Quinn Emanuel has been retained to act as co-counsel to Renato Fermiano Tavares, the purported foreign representative in the above-referenced Chapter 15 cases.

As we previously informed the court and your co-counsel, White & Case LLP, we represent Marcus Allender Wide and Mark T. McDonald (the "Joint Provisional Liquidators"), who were appointed by the Eastern Caribbean Supreme Court, High Court of Justice – Commercial Division (the "BVI Court") as the joint provisional liquidators of OAS Finance and its immediate parent company, OAS Investments Limited (together, the "BVI Debtors"). Copies of the orders appointing the Joint Provisional Liquidators are enclosed herewith (the "JPL Appointment Orders").

As set forth in the JPL Appointment Orders, the appointment of the Joint Provisional Liquidators automatically divested the BVI Debtors' directors, and the purported foreign representative that they appointed, of all authority to act or authorize actions on behalf of the BVI Debtors (including actions to retain counsel on behalf of the BVI Debtors). Such authority now vests exclusively with the Joint Provisional Liquidators.

Susheel Kirpalani                                  -2-                                  May 6, 2015

      Although the BVI Debtors have filed applications with the BVI Court requesting that the JPL Appointment Orders be discharged and the Joint Provisional Liquidators be removed from office, the BVI Court has not done so and the JPL Appointment Orders remain in full force and effect.  Accordingly, Quinn Emanuel is not authorized to take any action on behalf of the BVI Debtors, or the purported foreign representative of OAS Finance's Brazilian bankruptcy proceeding, in his capacity as such, without the express authorization of the BVI Provisional Liquidators.

      Further, pursuant to the JPL Appointment Orders, the Joint Provisional Liquidators are entitled to, among other things: (a) take possession of the BVI Debtors' books and records; (b) investigate the affairs of the BVI Debtors insofar as is necessary to protect the assets of the BVI Debtors; (c) investigate any transactions that may result in a recovery action (if the BVI Debtors are ultimately ordered to be wound-up); and (d) take any appropriate steps in the above-referenced Chapter 15 cases.  Accordingly, copies of all documents that are produced in response to the Noteholders' First Set of Document Requests Directed to the Foreign Representative in Connection with the (I) Verified Petition for Recognition of Brazilian Bankruptcy Proceedings and (II) Motion for Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code should be delivered, contemporaneously with their delivery to counsel for Aurelius Capital Management, LP and the entities it manages, to our offices at: Chadbourne & Parke LLP, 1301 Avenue of the Americas, New York, New York 10019, Attn: Andrew Rosenblatt.

      Thank you for your anticipated cooperation.  If you have any questions, please feel free to contact me directly at (212) 408-5559 or arosenblat@chadbourne.com.

Very truly yours,

Andrew Rosenblatt

Enclosures

cc:    The Honorable Stuart M. Bernstein
       John K. Cunningham, Esq.
       Gregory M. Starner, Esq.
       Allan S. Brilliant, Esq.
       Craig P. Druehl, Esq.
       Edward A. Friedman, Esq.
       Lawrence S. Robbins, Esq.

IN THE EASTERN CARIBBEAN SUPREME COURT

THE HIGH COURT OF JUSTICE

VIRGIN ISLANDS

COMMERCIAL DIVISION

CLAIM NO: BVIHC (COM) 0034 OF 2015

IN THE MATTER OF OAS FINANCE LIMITED AND IN THE MATTER OF THE INSOLVENCY ACT 2003

BETWEEN:

1. AURELIUS INVESTMENT, LLC

2. HUXLEY CAPITAL CORPORATION

3. ALDEN GLOBAL ADFERO BPI FUND, LTD.

4. ALDEN GLOBAL OPPORTUNITIES MASTER FUND, L.P.

5. ALDEN GLOBAL VALUE RECOVERY MASTER FUND, L.P.

6. TURNPIKE LIMITED

**Applicants**

and

OAS FINANCE LIMITED

**Respondent**

---

ORDER APPOINTING PROVISIONAL LIQUIDATOR

---

BEFORE:               The Honorable Mr Justice Barry Leon [ag]

DATE:                 16 April 2015

ENTERED:              16 April 2015

**UPON THE APPLICATION OF**      (1) Aurelius Investments, LLC, (2) Huxley Capital Corporation, (3) Alden Global Adfero BPI Fund, Ltd., (4) Alden Global Opportunities Master Fund, L.P., (5) Alden Global Value Recovery Master Fund, L.P. and (6) Turnpike Limited ("the Applicants")


**AND UPON** HEARING        Mr Ben Mays for the Applicants ex parte


**AND UPON** READING        the Affidavits of Eleanor Chan and Marcelo Carpenter filed in support of the application


**AND UPON** the Applicants by their Counsel giving the undertakings set out in the Schedule hereto


**IT IS ORDERED THAT:**


1.  Marcus Allender Wide and Mark T. McDonald both of Grant Thornton (British Virgin Islands) Ltd., 171 Main Street, The Barracks, 2nd Floor, P.O. Box 4259, Road Town, Tortola, British Virgin Islands be appointed as provisional liquidators of OAS Finance Limited ("the Company") ("the Provisional Liquidators") under the provisions of the Insolvency Act 2003, with effect from the filing of the originating application herein, until the determination of the originating application herein.


2.  The Provisional Liquidators be at liberty to employ such other counsel, solicitors or other agents and specialists in the British Virgin Islands, Brazil or elsewhere to assist them with their duties as will be required at such hourly rates as agreed from time to time by the Provisional Liquidators and those other solicitors or agents.


3.  Pursuant to section 171(1) of the Insolvency Act 2003 the Provisional Liquidators shall have the rights and powers of a liquidator to the extent necessary to:
    a.   maintain the value of the assets owned or managed by the Company; and
    b.   to carry out the functions for which the Provisional Liquidators were appointed.


4.  Without limitation, these shall also include the power to:
    a.   take any appropriate step in judicial recovery proceedings or any related proceedings in Brazil to which the Respondent is a party and in the Chapter 15 proceedings filed in the New

York bankruptcy proceedings by the Respondent on 15 April 2015 without further sanction of this Court;

b. apply for the appointment of liquidators and provisional liquidators over OAS Investments Limited without further sanction of this Court;

c. take possession of and protect the company's assets;

d. take possession of the company's books and records including the accounting and statutory records;

e. investigate the affairs of the company in so far as is necessary to protect the assets of the company;

f. investigate any transactions that may result in recovery action being made if a winding-up order is made;

g. commence action for the protection and recovery of company assets;

h. apply to the court for directions;

i. redirect email accounts and/or have such accounts closed;

j. continue to operate or close or redirect company internet sites;

k. have the discretion to retain, pay or dismiss employees;

l. be at liberty to complete or terminate any contracts or transactions entered into by the company; and

m. retain and operate the existing bank accounts of the company and where necessary open new bank accounts,

to the exclusion of the powers of the directors of the Company. Such powers may be exercised jointly and/or severally.

5. Save as provided in paragraphs 4(a) and (b) aforesaid the Provisional Liquidators may not exercise any of the powers set out at paragraphs 1 to 4 inclusive of Schedule 2 of the Insolvency Act 2003 without the sanction of the Court.

6. The Provisional Liquidators and the Applicants are not required to provide any deposit or security for their appointment.

7. The Company may apply to discharge or vary this order on 48 hours notice in writing to the Applicants and the Provisional Liquidators.

8.  The costs of this application be reserved to the hearing of the originating application herein.

9.  The proper fees and disbursements of the Provisional Liquidators be paid from the assets of the company, to be paid in accordance with the prescribed priority if a liquidator is subsequently appointed.  This order shall not affect the rights of the Company under sections 172(4) and (5) Insolvency Act 2003.

BY ORDER OF THE COURT

_____

REGISTRAR

The Respondent may apply to Court within 14 days of service of this order upon it for this order to be set aside or varied and for the application to be dealt with again.  This notice is given pursuant to Civil Procedure Rule 11.16.

**Schedule**

**Undertakings given to the Court by the Applicants**

**(1)** If the court later finds that this order has caused loss to the Respondent, and decides that the Respondent should be compensated for that loss, the Applicants will comply with any order the court may make.

**(2)** The Applicants will file the originating application and application herein forthwith and will serve upon the Respondent together with this order as soon as practicable:

(i) copies of the affidavits and exhibits containing the evidence relied upon by the Applicants, and any other documents provided to the court on the making of the application;

(ii) the application notice; and

(iii) a note or transcript of the ex parte hearing on 16 April 2015.

**(3)** Anyone notified of this order will be given a copy of it by the Applicants' legal representatives.

**(4)** If this order ceases to have effect the Applicants or the Provisional Liquidators (as relevant) will immediately take all reasonable steps to inform in writing anyone to whom they have given notice of this order, or who they have reasonable grounds for supposing may act upon this order, that it has ceased to have effect.

IN THE EASTERN CARIBBEAN SUPREME COURT

THE HIGH COURT OF JUSTICE

VIRGIN ISLANDS

COMMERCIAL DIVISION


CLAIM NO: BVIHC (COM) 0034 OF 2015


IN THE MATTER OF OAS FINANCE LIMITED AND IN THE MATTER OF
THE INSOLVENCY ACT 2003


BETWEEN:


(1) AURELIUS INVESTMENT, LLC, (2) HUXLEY CAPITAL
CORPORATION (3) ALDEN GLOBAL ADFERO BPI FUND, LTD., (4)
ALDEN GLOBAL OPPORTUNITIES MASTER FUND, L.P., (5) ALDEN
GLOBAL VALUE RECOVERY MASTER FUND, L.P., (6)TURNPIKE
LIMITED

**Applicants**

and


OAS FINANCE LIMITED

**Respondent**

---

### ORDER APPOINTING PROVISIONAL LIQUIDATORS

---

Carey Olsen

Legal practitioners for the Applicants

Rodus Building, Road Reef Marina, P.O. Box 3093

Road Town, Tortola

British Virgin Islands

Tel: +1 284 394 4030

Fax:  +1 284 494 4155

Reference BM/SM

IN THE EASTERN CARIBBEAN SUPREME COURT

THE HIGH COURT OF JUSTICE

VIRGIN ISLANDS

COMMERCIAL DIVISION


CLAIM NO: BVIHC (COM) 0035 OF 2015


IN THE MATTER OF OAS INVESTMENTS LIMITED AND IN THE MATTER OF THE INSOLVENCY ACT 2003


BETWEEN:

OAS FINANCE LIMITED (IN PROVISIONAL LIQUIDATION) ACTING BY ITS PROVISIONAL LIQUIDATORS,

MARCUS ALLENDER WIDE AND MARK T. MCDONALD OF GRANT THORNTON (BRITISH VIRGIN ISLANDS) LTD.

Applicant

and

OAS INVESTMENTS LIMITED

Respondent

---

ORDER APPOINTING PROVISIONAL LIQUIDATOR

---

BEFORE:                              The Honorable Mr Justice Barry Leon [Ag]


DATE:                                16 April 2015


ENTERED:                             16 April 2015


**UPON THE APPLICATION OF**       OAS Finance Limited (in provisional liquidation) acting by its provisional

liquidators, Marcus Allender Wide and Mark T. McDonald both of Grant Thornton (British Virgin Islands)

Ltd., 171 Main Street, The Barracks, 2nd Floor, P.O. Box 4259, Road Town, Tortola, British Virgin Islands

("the Applicant")

**AND UPON** HEARING                    Mr Ben Mays for the Applicant ex parte


**AND UPON** READING                    in draft the Affidavit of Mark T. McDonald filed in support of the application


**AND UPON** the giving of the undertakings set out in the Schedule hereto


**IT IS ORDERED THAT:**


1.  Marcus Allender Wide and Mark T. McDonald both of Grant Thornton (British Virgin Islands) Ltd., 171 Main Street, The Barracks, 2nd Floor, P.O. Box 4259, Road Town, Tortola, British Virgin Islands be appointed as provisional liquidators of OAS Investments Limited ("the Company") ("the Provisional Liquidators") under the provisions of the Insolvency Act 2003, with effect from the filing of the originating application herein, until the determination of the originating application herein.


2.  The Provisional Liquidators be at liberty to employ such other counsel, solicitors or other agents and specialists in the British Virgin Islands, Brazil or elsewhere to assist them with their duties as will be required at such hourly rates as agreed from time to time by the Provisional Liquidators and those other solicitors or agents.


3.  Pursuant to section 171(1) of the Insolvency Act 2003 the Provisional Liquidators shall have the rights and powers of a liquidator to the extent necessary to:
    a.   maintain the value of the assets owned or managed by the Company; and
    b.   to carry out the functions for which the Provisional Liquidators were appointed.


4.  Without limitation, these shall also include the powers to:
    a.   take any appropriate step in judicial recovery proceedings or other related proceedings in Brazil to which the Respondent is a party without further sanction of this Court;
    b.   take possession of and protect the company's assets;
    c.   take possession of the company's books and records including the accounting and statutory records;
    d.   investigate the affairs of the company in so far as is necessary to protect the assets of the company;

    e.   investigate any transactions that may result in recovery action being made if a winding-up order is made;

    f.   commence action for the protection and recovery of company assets;

    g.   apply to the court for directions;

    h.   redirect email accounts and/or have such accounts closed;

    i.   continue to operate or close or redirect company internet sites;

    j.   have the discretion to retain, pay or dismiss employees;

    k.   be at liberty to complete or terminate any contracts or transactions entered into by the company; and

    l.   retain and operate the existing bank accounts of the company and where necessary open new bank accounts,

to the exclusion of the powers of the directors of the Company.  Such powers may be exercised jointly and/or severally.

5.   Save as provided in paragraph 4(a) aforesaid the Provisional Liquidators may not exercise any of the powers set out at paragraphs 1 to 4 inclusive of Schedule 2 of the Insolvency Act 2003 without the sanction of the Court.

6.   The Provisional Liquidators and the Applicants are not required to provide any deposit or security for their appointment.

7.   The Company may apply to discharge or vary this order on 48 hours notice in writing to the Applicants and the Provisional Liquidators.

8.   The costs of this application be reserved to the hearing of the originating application herein.

9.   The proper fees and disbursements of the Provisional Liquidators be paid from the assets of the company, to be paid in accordance with the prescribed priority if a liquidator is subsequently appointed.  This order shall not affect the rights of the Company under sections 172(4) and (5) Insolvency Act 2003.

BY ORDER OF THE COURT


_____

REGISTRAR


The Respondent may apply to Court within 14 days of service of this order upon it for this order to be set aside or varied and for the application to be dealt with again.  This notice is given pursuant to Civil Procedure Rule 11.16.

**Schedule**

**Undertakings given to the Court by the Applicants**

**(1)** If the court later finds that this order has caused loss to the Respondent, and decides that the Respondent should be compensated for that loss, the Applicants will comply with any order the court may make.

**(2)** The Applicants will file the originating application and application herein forthwith and will serve upon the Respondent together with this order as soon as practicable:

(i) copies of the affidavits and exhibits containing the evidence relied upon by the Applicants, and any other documents provided to the court on the making of the application;

(ii) the application notice; and

(iii) a note or transcript of the ex parte hearing on 16 April 2015.

**(3)** Anyone notified of this order will be given a copy of it by the Applicants' legal representatives.

**(4)** If this order ceases to have effect the Applicants or the Provisional Liquidators (as relevant) will immediately take all reasonable steps to inform in writing anyone to whom they have given notice of this order, or who they have reasonable grounds for supposing may act upon this order, that it has ceased to have effect.

IN THE EASTERN CARIBBEAN SUPREME COURT

THE HIGH COURT OF JUSTICE

VIRGIN ISLANDS

COMMERCIAL DIVISION


CLAIM NO: BVIHC (COM) 0035 OF 2015


IN THE MATTER OF OAS INVESTMENTS LIMITED AND IN THE
MATTER OF THE INSOLVENCY ACT 2003


BETWEEN:


OAS FINANCE LIMITED (IN PROVISIONAL LIQUIDATION) ACTING BY
ITS PROVISIONAL LIQUIDATORS, MARCUS ALLENDER WIDE AND
MARK T. MCDONALD OF GRANT THORNTON (BRITISH VIRGIN
ISLANDS) LTD.

**Applicants**

and


OAS INVESTMENTS LIMITED

**Respondent**

---

### ORDER APPOINTING PROVISIONAL LIQUIDATORS

---

Carey Olsen

Legal practitioners for the Applicants

Rodus Building, Road Reef Marina, P.O. Box 3093

Road Town, Tortola

British Virgin Islands

Tel: +1 284 394 4030

Fax:  +1 284 494 4155

Reference BM/SM