

1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

GARY J. MENNITT

gary.mennitt@dechert.com
+1 212 698 3831 Direct
+1 212 698 0011 Fax

May 8, 2015

**VIA EMAIL, ECF, AND HAND DELIVERY**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 723
New York, NY 10004-1408

Re: In re OAS S.A., et al., Case No. 15-10937 (SMB) – May 7, 2015 Discovery Conference

Dear Judge Bernstein:

We are counsel to Aurelius Capital Management, LP on behalf of entities it manages (collectively, "Aurelius") and Alden Global Capital LLC on behalf of entities it manages (collectively, "Alden") (Alden and Aurelius, together the "Noteholders"), as holders or managers of entities that hold beneficial interests in certain notes in connection with the above-captioned Chapter 15 proceedings (the "Chapter 15 Cases").

We write at the Court's direction at the conference on May 7, 2015 to memorialize certain discovery and other matters as directed at that conference. The Court quashed the Noteholders' First Set of Document Requests dated April 24, 2015 herein (see ECF 39, Ex. A), and overruled the Debtors' general and specific objections thereto, such that the Debtors shall produce the following non-privileged documents:

| Document Request No. | Request | Time Period Applicable |
|---|---|---|
| 1 | Documents sufficient to show any and all locations of the registered offices of each of the Debtors. | Six months prior to the commencement of the Chapter 15 Cases, subject to a potential request by the Noteholders for an additional two week time period |
| 2 | Documents sufficient to show any and all locations of facilities owned, leased, or operated by any of the Debtors or any and all facilities in which any of the Debtors conduct any operations. | Six months prior to the commencement of the Chapter 15 Cases, subject to a potential request by the Noteholders for an additional two week time period |
| 3 | Documents sufficient to show any and all locations of all board of directors' meetings for each of the Debtors. | Six months prior to the commencement of the Chapter 15 Cases, subject to a potential request by the Noteholders for an additional two week time period.<br><br>Where the last board of directors' meeting was |





| Document Request No. | Request | Time Period Applicable |
|---|---|---|
| | | earlier than the indicated time period, documents concerning that last meeting shall be produced. |
| 4 | Documents sufficient to show the identities, and all locations of the residences and ordinary places of business, of all executive-level employees of each of the Debtors.<br><br>*[[The Court directed that "executive-level employees" should include the CEO, CFO, General Counsel, and Secretary]]* | Six months prior to the commencement of the Chapter 15 Cases, subject to a potential request by the Noteholders for an additional two week time period. |
| 5 | Documents sufficient to show the identities, and all locations of the residences and ordinary places of business, of all directors sitting on boards of directors, or any equivalent bodies of each of the Debtors. | Six months prior to the commencement of the Chapter 15 Cases, subject to a potential request by the Noteholders for an additional two week time period |
| 6 | Documents sufficient to identify and describe the locations of all [material] assets of each of the Debtors.<br><br>*[[The word material was not in the original request and was directed at the conference.]]* | Six months prior to the commencement of the Chapter 15 Cases, subject to a potential request by the Noteholders for an additional two week time period |
| 7 | Documents sufficient to show all locations in which each Debtor pays taxes. | Six months prior to the commencement of the Chapter 15 Cases, subject to a potential request by the Noteholders for an additional two week time period.<br><br>To the extent that the most recent tax return or filing was earlier than the six month period, such earlier documents shall be produced. |
| 8 | Documents sufficient to show all locations in which each Debtor files tax returns. | Six months prior to the commencement of the Chapter 15 Cases, subject to a potential request by the Noteholders for an additional two week time period.<br><br>To the extent that the most recent tax return or filing was earlier than the six month period, such earlier documents shall be produced. |
| 9 | Documents sufficient to show the identities and locations of all creditors of each of the Debtors. | Six months prior to the commencement of the Chapter 15 Cases, subject to a potential request by the Noteholders for an additional two week time period. |
| 13 | Documents sufficient to show the number, identities, citizenship and residency of all employees of the Debtors. | Six months prior to the commencement of the Chapter 15 Cases, subject to a potential request by the Noteholders for an additional two week time period |





| Document Request No. | Request | Time Period Applicable |
|---|---|---|
| 16 | Documents sufficient to show any and all jurisdictions in which each of the Debtors is qualified to do business. | Six months prior to the commencement of the Chapter 15 Cases, subject to a potential request by the Noteholders for an additional two week time period |
| 22 | Documents sufficient to show the nature of services provided by any and all contractors working for OAS Finance or OAS Investments as mentioned in ¶ 18 of the Tavares Declaration in the British Virgin Islands and Austria.<br><br>*[[This request was modified to conform to the Debtors' objection, per the direction of the Court.]]* | Six months prior to the commencement of the Chapter 15 Cases, subject to a potential request by the Noteholders for an additional two week time period. |
| 23 | Documents sufficient to show any and all obligations owed by Notes issuers to creditors in BVI and/or Austria All documents concerning any and all obligations owed by Notes issuers to creditors in the British Virgin Islands and/or Austria.<br><br>*[[This request was modified to conform to the Debtors' objection, per the direction of the Court.]]* | Six months prior to the commencement of the Chapter 15 Cases, subject to a potential request by the Noteholders for an additional two week time period. |
| 27 | All documents relating to the Brazilian Bankruptcy Court's appointment of Alvarez & Marsal Empresarial Do Brasil as judicial receiver in the Brazilian Bankruptcy Proceedings. | Six months prior to the commencement of the Chapter 15 Cases, subject to a potential request by the Noteholders for an additional two week time period. |
| 28 | All documents relating to the decision to grant Renato Fermiano Tavares authority under the Resolutions of Appointment. | Six months prior to the commencement of the Chapter 15 Cases, subject to a potential request by the Noteholders for an additional two week time period. |
| 29 | All documents relating to Renato Fermiano Tavares' scope of authority and responsibilities under the Resolutions of Appointment, including his ability to administer the reorganization of the Debtors' assets and/or affairs. | Six months prior to the commencement of the Chapter 15 Cases, subject to a potential request by the Noteholders for an additional two week time period. |
| 30 | All documents relating to actions and obligations actually undertaken by Renato Fermiano Tavares pursuant to the Resolutions of Appointment, including actions undertaken in administering the reorganization of the Debtors' assets and/or affairs. | Six months prior to the commencement of the Chapter 15 Cases, subject to a potential request by the Noteholders for an additional two week time period. |
| 31 | All documents containing notes, reflections and/or analyses by OAS employees on the Resolutions of Appointment and Mr. Tavares' responsibilities and actual actions undertaken pursuant to the Resolutions. | Six months prior to the commencement of the Chapter 15 Cases, subject to a potential request by the Noteholders for an additional two week time period. |

| Document Request No. | Request | Time Period Applicable |
|---|---|---|
| **32** | All documents concerning deliberations of the Debtors regarding a decision to seek a certificate or other document from a Brazilian court in order to designate an individual as a foreign representative.<br><br>*[[As the Court noted, the documents responsive to this request should be produced under Request 28]]* | Six months prior to the commencement of the Chapter 15 Cases, subject to a potential request by the Noteholders for an additional two week time period. |
| **35** | All documents relating to the potential designation of individuals besides Mr. Tavares as the "foreign representative" in OAS's chapter 15 proceedings.<br><br>*[[As the Court noted, the documents responsive to this request should be produced under Request 28]]* | Six months prior to the commencement of the Chapter 15 Cases, subject to a potential request by the Noteholders for an additional two week time period. |
| **38** | Documents sufficient to show the corporate structure of the Debtors.<br><br>*[[This request was modified to be limited to the Debtors and thus conform to the Debtors' objection, per the direction of the Court.]]* | Six months prior to the commencement of the Chapter 15 Cases, subject to a potential request by the Noteholders for an additional two week time period. |
| **67** | All minutes of meetings of the boards of directors of any of the Debtors.<br><br>*[[This request was modified to be limited to the Debtors and thus conform to the Debtors' objection, per the direction of the Court.]]* | Six months prior to the commencement of the Chapter 15 Cases, subject to a potential request by the Noteholders for an additional two week time period.<br><br>Where the last board of directors' meeting was earlier than the indicated time period, documents concerning that last meeting shall be produced. |
| **70** | Documents sufficient to show the document and email retention policies of each of the Debtors.<br><br>*[[This request was modified to be limited to the Debtors and thus conform to the Debtors' objection, per the direction of the Court.]]* | Six months prior to the commencement of the Chapter 15 Cases, subject to a potential request by the Noteholders for an additional two week time period. |
| **72** | All documents referenced or relied upon in drafting [the Debtors'] pleadings in this matter. | Six months prior to the commencement of the Chapter 15 Cases, subject to a potential request by the Noteholders for an additional two week time period. |





The Court further directed that the Debtors shall produce a privilege log.

The parties indicated that they had exchanged a draft protective order. The Court rejected the Debtors' position that pursuant to such protective order, the Noteholders would be restricted from using material produced herein in other litigation by and among the parties. The Debtors indicated that documents would begin to be produced immediately and that Messrs. Tavares and Munhoz will be available to be deposed on May 14th and 15th, in the order of the preference of the Noteholders.

The Debtors indicated that they are amenable to discussing an extension of the time for the Noteholders to file their Objection to the Debtors' Petition for Recognition and Other Relief, currently scheduled to be filed on May 12, 2015.

The Debtors indicated that the temporary restraining order now in place will expire on May 19th, and they will not seek a preliminary injunction in this action. Further, the Debtors indicated that at the May 19th hearing they will proceed solely on recognition and not seek any other relief, including the other discretionary relief sought in their Petition. Thus, if recognition is not granted on May 19th there will be no stay in effect.

Respectfully Submitted,

Gary J. Mennitt