WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Mark P. Franke
Brandon D. Batzel

Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
John K. Cunningham
Richard S. Kebrdle (admitted *pro hac vice*)

*Attorneys for Josedir Barreto dos Santos
as Petitioner and Foreign Representative*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 15-10937 (SMB) |
| OAS S.A., *et al.*,[1] | (Jointly Administered) |
| Debtors in Foreign Proceedings. | Chapter 15 |

**DISCLOSURE PURSUANT TO 11 U.S.C. § 1518
REGARDING OCCURRENCE OF THE CLOSING DATE
UNDER THE BRAZILIAN REORGANIZATION PLAN**

    I, Josedir Barreto dos Santos, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

    1.    I am currently Chief Executive Officer of OAS, a Debtor[2] in the above-captioned Chapter 15 Cases commenced on April 15, 2015 in the United States Bankruptcy Court for the

---

[1]     The debtors in these chapter 15 cases, along with the last four digits of each debtor's tax identification or corporate registry number, are: OAS S.A. ("**OAS**") (01-05), Construtora OAS S.A. ("**Construtora OAS**") (01-08), OAS Investments GmbH ("**OAS Investments Austria**") (4557), and OAS Finance Limited ("**OAS Finance**") (6299).

Southern District of New York. I am presently the duly-appointed foreign representative of the Brazilian Bankruptcy Proceedings of each of the Debtors and as such am authorized to submit this declaration.

2. I submit this declaration pursuant to section 1518 of the Bankruptcy Code, which requires that a foreign representative file notices of status changes concerning foreign proceedings. I make the statements herein on the basis of facts and matters that are known to me and on documentation or information provided to me by the Debtors, Debtors' counsel, and my counsel in my capacity as foreign representative. Where I have been informed by others, such information is true to the best of my knowledge and belief.

3. On December 17, 2015, the OAS Group successfully obtained approval of its Brazilian Reorganization Plan, and the Brazilian Bankruptcy Court entered an order confirming the Brazilian Reorganization Plan on January 26, 2016.

4. As the Court is aware, the Brazilian Reorganization Plan required the verification or waiver by creditors of certain events by May 30, 2016 (the "**Closing Date Conditions**"), including, among others, the following conditions: (i) either (a) the sale of the Invepar Shares at the Invepar Auction and the distribution of the proceeds of such sale in accordance with the Brazilian Reorganization Plan or (b) the transfer of the Invepar Shares to the FIP in exchange for the Group 2 Financial Creditors' surrendering of a certain amount of U.S. dollar claims, (ii) the issuance of the New Notes, and (iii) the issuance of the Warrants (the date on which all Closing Date Conditions have been satisfied and the closing under the Brazilian Reorganization Plan has occurred, the "**Closing Date**").

---

[2] Capitalized terms used and not defined herein shall have the meanings ascribed to them in the October 5 Order (as defined below).

5. During the course of the Brazilian Bankruptcy Proceedings and these Chapter 15 Cases, a general meeting of creditors has been convened with the purpose of deliberating the extension of the aforementioned deadline for verification of the Closing Date Conditions (the "**GCM**"), and such GCM has been successively postponed and resumed from time to time upon creditors' consent by the requisite majorities.

6. On October 5, 2018, the Court entered the *Order Granting Relief Pursuant to 11 U.S.C. §§ 105(a), 1507(a), 1519(a), 1521(a) and 1525(a) in Aid of Foreign Proceedings and Confirmed Brazilian Reorganization Plan* [ECF No. 170] (including the exhibits thereto, the "**October 5 Order**").[3]

7. Following the Court's entry of the October 5 Order, and per the Court's instruction, my counsel provided the Court with a written status update on January 4, 2019 with respect to the Debtors' restructuring and progress in lieu of the in-person status conference previously scheduled for January 8, 2019. *See Letter to Judge Bernstein from Mark P. Franke providing a status update with respect to the Debtors' restructuring and progress since the November 6, 2018 status conference* [ECF No. 174] (the "**January 4 Status Update**").

8. My counsel informed the Court in the January 4 Status Update that, among other things, the subscription process contemplated under the October 5 Order had been completed and the Closing Date had not yet occurred. *See id.* at 1–2. In addition, my counsel informed the Court that I would file with the Court a notice pursuant to section 1518 of the Bankruptcy Code to provide a further status update after the occurrence of the Closing Date. *See id.* at 2.

9. As of the date hereof, all Closing Conditions under the Plan have now been duly met or validly waived. On or prior to May 20, 2019, all of the New Notes were issued, the

---

[3] As set forth in paragraph D of the October 5 Order, the JPLs consented to and supported the relief granted thereby with respect to OAS Finance.

3

Warrants were issued, and the transfer of the Invepar Shares to the FIP was concluded by the custodian entity of such Invepar Shares. As such, the Brazilian Reorganization Plan has now been substantially consummated.

10. On May 30, 2019, the GCM resumed and, at such meeting, the creditors in attendance and entitled to vote confirmed by the requisite majorities that the Closing Date Conditions had occurred or been validly waived and that the Closing Date has now occurred.

11. As the Court likely recalls, a provisional liquidation proceeding was commenced by certain creditors of OAS Finance in the British Virgin Islands following the commencement of these Chapter 15 Cases. I expect that in the coming weeks such proceeding will be dismissed with prejudice, and that the JPLs will request that this Court dismiss the chapter 15 petition filed by the JPLs in respect of that proceeding with prejudice as expeditiously as possible. As soon as practicable following that dismissal, I will determine whether the Debtors wish to seek further relief from this Court, and make any necessary applications in that regard at that time.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information I have received, and belief.

Dated: June 4, 2019

Respectfully submitted,

_____
Josedir Barreto dos Santos